1

**HATTIS & LUKACS**
DANIEL M. HATTIS

2

(*admitted pro hac vice*)

3

11711 SE 8th Street, Street 120
Bellevue, Washington 98005

4

Tel.:    (425) 233-8650
Email: dan@hattislaw.com

5

Email: pkl@hattislaw.com

6

[additional counsel listed under signature line]

7

*Attorneys for Plaintiffs and the Proposed Class*

8

**DICKINSON WRIGHT PLLC**

9

MICHAEL N. FEDER
NV Bar No. 7332

10

GABRIEL A. BLUMBERG
NV Bar No. 12332

11

3883 Howard Hughes Parkway, Suite 800

12

Las Vegas, Nevada 89169
Tel:    702-550-4400

13

Fax:    844-670-6009

14

Email:  MFeder@dickinsonwright.com
Email:  GBlumberg@dickinsonwright.com

15

[additional counsel listed under signature line]

16

*Attorneys for Defendant CoxCom, LLC*

17

18

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

19

20

Linda Fallica and
Cheri Woods,

Case No. 2:24-cv-02222-APG-BNW

21

on behalf of themselves
and all others similarly situated,

**STIPULATION AND PROPOSED ORDER TO STAY DEFENDANT'S OBLIGATION TO RESPOND TO COMPLAINT AND TO ESTABLISH BRIEFING SCHEDULE FOR DEFENDANT'S MOTION TO COMPEL ARBITRATION**

22

                                    Plaintiffs,

23

v.

24

CoxCom, LLC,

**(FIRST REQUEST)**

25

                                    Defendant.

26

27

28



1

**<u>STIPULATION</u>**

IT IS HEREBY STIPULATED AND AGREED between Plaintiffs Linda Fallica and Cheri Woods ("Plaintiffs") and Defendant CoxCom, LLC ("Defendant") (collectively, the "Parties"), by and through their respective counsel and pending the Court's approval, as follows:

1.     The current deadline for Defendant to respond to the Complaint is February 3, 2025 (ECF No. 17), at which time Defendant intends to file a Motion to Compel Arbitration.

2.     **<u>Staying Defendant's Deadline To Respond To Complaint.</u>** The Parties agree that Defendant's deadline to respond to the Complaint be stayed until thirty (30) days after the Court decides Defendant's Motion to Compel Arbitration, if necessary.

3.     Good cause exists for the stay set forth herein. The Parties believe it will be most efficient if Defendant's to-be-filed Motion to Compel Arbitration is adjudicated before Defendant files a response (likely a motion to dismiss) to the Complaint. The outcome of Defendant's Motion to Compel Arbitration may obviate the need for any subsequent filing or may otherwise affect the claims in the litigation before this Court. If Defendant's response has already been filed, a ruling on the Motion to Compel Arbitration may result in the need to file a new or modified response to the Complaint. Therefore, to promote judicial efficiency and save resources, the Parties jointly ask that Defendant's deadline to respond to the Complaint be stayed until after the Court has ruled upon Defendant's Motion to Compel Arbitration. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."); *Calkins v. Credit One Bank, N.A.*, No. 2:16-CV-2602-APG-NJK, 2017 WL 956195, at *1 (D. Nev. Mar. 10, 2017) (granting motion to stay action pending resolution of motion to compel arbitration).

4.     This is the Parties' first such request for a stay of this action. This request is made in good faith and is not intended for purposes of delay

5.     **Briefing Schedule on Motion to Compel Arbitration.** The Parties agree that the briefing schedule on the to-be-filed Motion to Compel Arbitration be extended since the arguments for and against the Motion to Compel Arbitration may be complex. The Parties are also attempting to stagger and coordinate the briefing in this civil action with briefing that will

1    occur in other civil actions in which counsel for Plaintiffs and counsel for Defendant are

2    mutually involved. In addition, Plaintiffs' counsel Paul Karl Lukacs, Esq., resides in Los

3    Angeles, where the recent fires have disrupted daily life.

4    6.    As such, the Parties respectfully request that Defendant's Motion to Compel

5    Arbitration be briefed in accordance with the following schedule:

6    a.    February 3, 2025 - Defendant files its Motion to Compel Arbitration

7    b.    March 31, 2025 - Plaintiffs file their Opposition to the Motion to Compel

8    Arbitration

9    c.    April 21, 2025 - Defendant files its Reply in support of the Motion to

10    Compel Arbitration.

11    7.    This is the Parties' first request to extend the time in which to brief Defendant's

12    impending Motion to Compel Arbitration. This request is made in good faith and is not intended

13    //

14    //

15    //

16    //

17    //

18    //

19    //

20    //

21    //

22    //

23    //

24    //

25    //

26    //

27    //

28    //



1 | for purposes of delay.

2 | Dated:  January 16, 2025.

3

4 | HATTIS & LUKACS

5 | */s/ Paul Karl Lukacs*
    Daniel M. Hattis

6 | (admitted *pro hac vice*)
    Paul Karl Lukacs

7 | (admitted *pro hac vice*)
    11711 SE 8th Street, Street 120

8 | Bellevue, Washington 98005

9 | DENITTIS OSEFCHEN PRINCE, P.C

10 | Stephen P. DeNittis
     (admitted *pro hac vice*)

11 | 5 Greentree Centre, Suite 410
     525 Route 73 N.

12 | Marlton, New Jersey 08057

13 | LAW OFFICE OF MAILK W. AHMAD

14 | Malik W. Ahmad
     NV Bar No. 10305

15 | 8465 West Sahara Ave., Suite 111
     Las Vegas, NV 89117

16

17 | *Attorneys for Plaintiffs*
     *and the Proposed Class*

---

Dated:  January 16, 2025.

DICKINSON WRIGHT PLLC

*/s/Michael N. Feder*
Michael N. Feder
NV Bar No. 7332
Gabriel A. Blumberg
NV Bar No. 12332
3883 Howard Hughes Parkway, Suite 800
Las Vegas, NV 89169

BLANK ROME LLP
Evan H. Lechtman
PA Bar No. 89845
(*pro hac vice forthcoming*)
One Logan Square
130 North 18th Street
Philadelphia, PA  9103

Andrew T. Hambelton
NY Bar No. 4835419
(*pro hac vice forthcoming*)
1271 Avenue of the Americas
New York, New York 10020

*Attorneys for CoxCom, LLC*

---

## **ORDER**

**IT IS SO ORDERED:**

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

Dated:  January 17, 2025


DICKINSON WRIGHT
ATTORNEYS AT LAW